

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-26-00098-CV
_____

IN THE INTEREST OF A.F., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 099817-D-FM
Honorable Carry Baker, Associate Judge Presiding

_____

No. 07-26-00099-CV
_____

IN THE INTEREST OF M.M. AND M.M., CHILDREN

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 097845-E-FM
Honorable Carry Baker, Associate Judge Presiding

June 29, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant, Mother, seeks reversal of the trial courts' judgments terminating her parental rights to her children, A.F., M.M., and M.M.[1] In her sole issue on appeal, Mother challenges the sufficiency of the evidence to support the trial courts' finding that termination of her rights is in the best interest of the children. We affirm the judgments of the trial courts.

## BACKGROUND

In March of 2025, the Department received a report alleging that Mother was neglectful in her supervision of A.F., M.M., and M.M., after taking the children to Northwest Texas Hospital where she met with an undercover police officer and sold him one hundred fentanyl pills. Mother left the children in her car with her boyfriend while she went into the hospital to conduct the exchange. When law enforcement located the children, the boyfriend appeared to be under the influence of an unknown substance. Mother and her boyfriend were arrested, leaving no one to care for the children. At the time of her arrest, Mother had an open case with the Department of Family and Protective Services and was receiving family-based safety services due to concerns of neglectful supervision. The Department took emergency possession of the children and filed its petition for protection, conservatorship, and termination. Following an adversary hearing, the Department was appointed temporary managing conservator of the children, and they were placed with a paternal aunt.

---

[1] To protect the privacy of the parties, we refer to the appellant as "Mother," and to the children by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b). The parental rights of the fathers of A.F., M.M., and M.M. were also terminated in these proceedings. None of the fathers has appealed.

The associate judge held bench trials on January 15 and 22, 2026, adjudicating the Department's petitions to terminate Mother's parental rights. The court heard testimony from Mother, the Department's investigator, a caseworker from Saint Francis Ministries, a paternal aunt, and a maternal aunt.

The court terminated Mother's parental rights to the children on the grounds of endangering conditions; endangerment; and engaging in criminal conduct resulting in her conviction, imprisonment, and inability to care for the children for at least two years from the original petition's file date. *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (P).[2] The court also found termination was in the best interest of the children. *See* § 161.001(b)(2). The Department was appointed permanent managing conservator and the placement with the paternal aunt was continued. Mother timely filed these appeals of the resulting judgments.

## APPLICABLE LAW

A parent's right to the "companionship, care, custody, and management" of his or her child is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *see In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). We strictly scrutinize termination proceedings and strictly construe the involuntary termination statutes in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). However, "the rights of natural parents are not

---

[2] Further references to provisions of the Texas Family Code will be by reference to "section ___" or "§ ___."

3

absolute" and "[t]he rights of parenthood are accorded only to those fit to accept the accompanying responsibilities." *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (citing *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994)). Recognizing that a parent may forfeit his or her parental rights by his or her acts or omissions, the primary focus of a termination suit is protection of the child's best interests. *See id*.

In a case to terminate parental rights under section 161.001 of the Family Code, the petitioner must establish, by clear and convincing evidence, that (1) the parent committed one or more of the enumerated acts or omissions justifying termination, and (2) termination is in the best interest of the child. § 161.001(b). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007; *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002). Both elements must be established and termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re K.C.B.*, 280 S.W.3d 888, 894 (Tex. App.—Amarillo 2009, pet. denied). "Only one predicate finding under section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d at 362. We affirm a termination order if the evidence is both legally and factually sufficient to support any alleged statutory ground the trial court relied upon in terminating parental rights if the evidence also establishes that termination is in the child's best interest. *In re K.C.B.*, 280 S.W.3d at 894–95.

In reviewing for legal sufficiency, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed

4

a firm belief or conviction that the finding was true. *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009). In reviewing for factual sufficiency, we give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). If, considering the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *In re J.F.C.*, 96 S.W.3d at 266.

The clear and convincing evidence standard does not mean the evidence must negate all reasonable doubt or that the evidence must be uncontroverted. *In re R.D.S.*, 902 S.W.2d 714, 716 (Tex. App.—Amarillo 1995, no writ). The reviewing court must recall that the trier of fact has the authority to weigh the evidence, draw reasonable inferences therefrom, and choose between conflicting inferences. *Id.* The factfinder also enjoys the right to resolve credibility issues and conflicts within the evidence and may freely choose to believe all, part, or none of the testimony espoused by any witness. *Id*. Where conflicting evidence is present, the factfinder's determination on such matters is generally regarded as conclusive. *In re B.R.*, 950 S.W.2d 113, 121 (Tex. App.—El Paso 1997, no writ).

The appellate court cannot weigh witness credibility issues that depend on demeanor and appearance as the witnesses are not present. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam). Even when credibility issues are reflected in the written transcript, the appellate court must defer to the factfinder's determinations, if those determinations are not themselves unreasonable. *Id.*

5

In her sole issue, Mother challenges the factual and legal sufficiency of the evidence to support the best-interest finding made under section 161.001(b)(2). She does not contest the predicate grounds for termination under section 161.001(b)(1).

A determination of best interest necessitates a focus on the child, not the parent. *In re B.C.S.*, 479 S.W.3d 918, 927 (Tex. App.—El Paso 2015, no pet.). Appellate courts examine the entire record to decide what is in the best interest of the child. *In re E.C.R.*, 402 S.W.3d 239, 250 (Tex. 2013). There is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam).

In assessing whether termination is in a child's best interest, the courts are guided by the non-exclusive list of factors in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).[3] "[T]he State need not prove all of the factors as a condition precedent to parental termination, 'particularly if the evidence were undisputed that the parental relationship endangered the safety of the child.'" *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (quoting *In re C.H.*, 89 S.W.3d at 27). Evidence that supports one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re E.C.R.*, 402 S.W.3d at

---

[3] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *Id.*

249. The best-interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as direct evidence. *In re N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.). We must also bear in mind that a child's need for permanence through the establishment of a stable, permanent home has been recognized as the paramount consideration in determining best interest. *See In re K.C.*, 219 S.W.3d 924, 931 (Tex. App.—Dallas 2007, no pet.).

The trial court was allowed to consider evidence in support of the predicate grounds in making the best-interest determination and Mother does not challenge those findings on appeal. The trial court's unchallenged predicate grounds are probative in the best-interest determination, *In re E.A.F.*, 424 S.W.3d 742, 750 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), and are significant in our review of the best-interest finding.

Here, the court heard testimony that Mother has a severe drug addiction to fentanyl and a history of methamphetamine abuse. Her arrest for manufacture/delivery of fentanyl led not only to the removal of the children, but to the revocation of her probation for possession of methamphetamine. Mother was sentenced to ten years' incarceration for the first-degree felony offense for manufacture/delivery of a controlled substance and to one year in prison for possession of methamphetamine. She is eligible for parole in 2030. Mother admitted to using fentanyl and methadone while caring for the children and being high while transporting the children with her to conduct a drug deal. Due to her incarceration throughout the pendency of these cases, Mother was unable to visit with the children, who were ages four, six, and seven.

7

A parent's illicit drug use and drug-related criminal activity are relevant to multiple *Holley* factors, including the children's emotional and physical needs now and in the future, the emotional and physical danger to the children now and in the future, Mother's parental abilities, the stability of Mother's home, and the acts or omissions which may indicate an improper parent-child relationship. *See Holley*, 544 S.W.2d at 371–72; *In re E.M.*, 494 S.W.3d 209, 222–23 (Tex. App.—Waco 2015, pet. denied) (explaining parent's continued drug use demonstrates inability to provide stable environment for child and inability to provide for child's emotional and physical needs); *In re L.C.L.*, No. 14-09-00062-CV, 2019 Tex. App. LEXIS 6018, at *22–23 (Tex. App.—Houston [14th Dist.] July 16, 2019, pet. denied) (mem. op) (parent's illegal drug use relevant in gauging parent's ability to provide child with safe environment and showing acts or omissions indicating parent-child relationship is not proper one). A parent's drug use supports a finding that termination of parental rights is in the best interest of the child. *In re E.C.R.*, 638 S.W.3d 755, 768 (Tex. App.—Amarillo 2021, pet. denied). The factfinder can give "great weight" to the "significant factor" of drug-related conduct. *In re K.C.*, 219 S.W.3d at 927.

A parent's imprisonment is also a factor that may be considered in determining a child's best interest. *In re M.L.*, No. 07-20-00195-CV, 2020 Tex. App. LEXIS 9483, at *16 (Tex. App.—Amarillo Dec. 4, 2020, no pet.) (mem. op.). Mother remained incarcerated during the entirety of the underlying proceedings. Her continued incarceration subjects the children to a life of uncertainty and instability.

At the time of trial, the children were living with a paternal aunt who intended to adopt the children. According to the caseworker, the aunt is providing exceptional care for the children's physical and emotional needs. The children are enrolled in school and

8

extracurricular activities. *See In re G.V.*, No. 14-02-00604-CV, 2003 Tex. App. LEXIS 4526, at *15 (Tex. App.—Houston [14th Dist.] May 29, 2003, pet. denied) (mem. op.) (noting stability that proposed placement promises "weigh[s] heavily in the court's finding that termination is in the best interest" of child).

Stability and permanence are paramount in the upbringing of children. *In re J.D.*, 436 S.W.3d 105, 120 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The stability of the proposed home environment is an important consideration in determining whether termination of parental rights is in a child's best interest. *In re D.M.*, 452 S.W.3d 462, 472 (Tex. App.—San Antonio 2014, no pet.). Mother's sister testified that she was a part of Mother's support system and that Mother worked hard as a single mother to keep the children safe. Mother took the children to school and doctor's appointments "when she [could]." After she is released from prison, Mother has options to live with her brother or other family members. Mother provided no plan for the children's care and did not demonstrate she could provide them with a safe and stable home. According to Mother, she "should work and gain [the children's] trust back and show them [she] can be the mom [she is] supposed to be." In contrast, the caseworker testified that the Department considered the children's placement a permanent placement and the aunt's adoption of the children was in their best interest. Because there was no evidence showing that Mother had any plan for the children, this factor weighs in favor of the court's best-interest determination.

After viewing all the evidence in the light most favorable to the best-interest finding, we conclude that the court could have formed a firm belief or conviction that termination of Mother's parental rights is in the best interest of A.F., M.M., and M.M. *See In re J.F.C.*,

9

96 S.W.3d at 266. We further conclude that any disputed evidence, viewed in light of the entire record, could have been reconciled in favor of the court's best-interest finding or was not so significant that the court could not reasonably have formed a firm belief or conviction that termination was in the children's best interest. *Id.* Therefore, we hold the evidence is legally and factually sufficient to support the court's best-interest finding. *See* § 161.001(b)(2).

## CONCLUSION

Having overruled Mother's sole issue on these appeals, we affirm the judgments of the trial courts.

Judy C. Parker
Chief Justice